JEFFREY G. KNOWLES (State Bar No. 129754)
ef-jgk@cpdb.com
KAREN S. FRANK (State Bar No. 130887)
ef-ksf@cpdb.com
JULIA D. GREER (State Bar No. 200479)
ef-jdg@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663

Attorneys for Plaintiff BROADCAST
MUSIC, INC.

FILED

10 DEC 30 PM 3: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Case No.  CV10  10089 RGK (FFMx)

BROADCAST MUSIC, INC., a New York corporation,

Plaintiff,

v.

DEYON K. DAVIS, as an individual and d/b/a DEYON DAVIS MUSIC; CINEMATIC TUNES, INC. a California Corporation; YASMINAH COMBARY, an individual; TYRONE THORNTON, an individual; LAQUAJAWAN T. LANIER, an individual; WALTER L. LANIER, an individual; and LAMONT HART, an individual,

Defendants.

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, UNJUST ENRICHMENT, CONVERSION**

BY FAX

Plaintiff Broadcast Music, Inc. alleges the following:

## VENUE & JURISDICTION

1.    Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §§ 1332 and 1391.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

13389.008.1636462v1

1

Case No.

**COMPLAINT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

## THE PARTIES

2. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions.

3. Defendant Deyon K. Davis is an individual residing in Beverly Hills, California.

4. Defendant Deyon Davis Music is a business entity, form unknown.  On information and belief, Deyon K. Davis does business as Deyon Davis Music.

5. Defendant Cinematic Tunes, Inc. is a corporation organized under the laws of California, with its principal place of business in Beverly Hills, California.

6. Defendant Yasminah Combary is an individual domiciled in Beverly Hills, California.

7. Defendant Tyron Thornton is an individual domiciled in Long Beach, California.

8. Defendant Laquajawan T. Lanier is an individual domiciled in Atlanta, Georgia.

9. Defendant Walter L. Lanier is an individual domiciled in Atlanta, Georgia.

10. Defendant Lamont Hart is an individual domiciled in Long Beach, California.

11. Defendants are songwriters, composers and/or music publisher affiliates of BMI, who purport to hold copyrights in various musical compositions, and who license at least some portion of their works through BMI.

12. BMI is informed and believes and thereon alleges that each of the Defendants was the agent, servant, employee, subcontractor, representative,

13389.008.1636462v1    2    Case No.

**COMPLAINT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1 associate, subsidiary, member and/or partner of each of the other named Defendants,

2 and each of them was acting within the scope of such agency, service, employment,

3 representation, association, subsidiary, relationship, subcontracting relationship,

4 membership, and/or partnership and with the knowledge and consent of their

5 principals, employers, associates, corporations, members and/or partners at all times

6 relevant to BMI's claims.

7      13.    BMI is informed and believes and thereon alleges that there exists, and

8 at all times herein mentioned, there existed, a unity of interest and ownership

9 between Defendants Deyon K. Davis, Deyon Davis Music and Cinematic Tunes,

10 Inc., such that any individuality and separateness between these Defendants have

11 ceased, and Defendants, and each of them, are the alter egos of one another.

12 Adherence to the fiction of the separate existence of Deyon K. Davis, Deyon Davis

13 Music and Cinematic Tunes, Inc. as distinct from one another, would permit an

14 abuse of privilege and would promote injustice and sanction fraud.

15 **GENERAL ALLEGATIONS**

16 **Broadcast Music, Inc.**

17      14.    Broadcast Music, Inc. ("BMI"), is a music performing rights society as

18 defined in the Copyright Act, 17 U.S.C. § 101. BMI issues licenses to music users

19 for the public performing rights of its affiliated songwriters', composers' and music

20 publishers' musical works, collects license fees on behalf of its affiliates, and

21 distributes those fees as royalties to those BMI affiliates whose works have been

22 performed on media such as television, radio, and the Internet.

23      15.    BMI licenses the non-dramatic public performing right in

24 approximately 6.5 million musical works on behalf of its affiliates, which comprise

25 over 475,000 American songwriters, composers, lyricists, and music publishers.

26 Through affiliation with foreign performing rights societies, BMI also represents in

27 the United States thousands of works of many of the world's foreign writers and

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1   publishers of music.

2       16.   Typical BMI licensees include television and radio broadcasting

3   stations, broadcast and cable/satellite television networks, Internet music services

4   and websites, mobile entertainment services, cable system operators and direct

5   broadcast satellite services, restaurants, night clubs, and other businesses that

6   perform music publicly.

7       17.   Given the vast number and variety of musical works in the BMI

8   repertory, BMI's licenses provide music users with legal and efficient access to

9   public performance licenses for the quantity and variety of music the public

10   demands.

11       18.   BMI also protects its affiliates' works from infringement by ensuring

12   that businesses that perform music publicly are licensed to do so.  The ability of

13   BMI to protect the rights of its affiliates is of critical importance to the economic

14   well-being of the songwriters and composers that BMI represents.

15   **BMI's Licenses Related To Television Programming.**

16       19.   In order to properly calculate royalty distributions to its affiliates with

17   respect to music played on cable television, broadcast and satellite stations and

18   networks, BMI relies, at least in part, on the producers of such programming

19   providing BMI with accurate reporting regarding their music usage.  This reporting

20   includes not only the titles and authors and/or publishers of the musical works

21   performed, but the duration and nature of the performance.

22       20.   This is necessary because, with respect to music used in television

23   shows, the royalty rates earned by affiliates will vary according to the duration and

24   nature of the use.  For example, affiliates will usually earn higher royalty rates when

25   a work is performed with vocals as opposed to purely instrumentally, and when the

26   musical work itself is featured as opposed to simply being background for

27   something else.  Similarly, when a song is performed for a duration longer than a

28

13389.008.1636462v1             4             Case No.

**COMPLAINT**

1  specified time, this will raise the work to a higher royalty tier.  Thus, a ten-second

2  instrumental portion of a work used during an exit to commercial will generate a

3  lower royalty rate than a 60 second portion of the same work featured and used with

4  a vocalist.

5       21.    As part of its reporting requirements, therefore, an entity producing a

6  television program containing copyright-protected music licensed by BMI will

7  submit a "cue sheet" to BMI, which lists every musical work used in the program,

8  and provides such information as the name of the work performed, the

9  songwriter/composer and publisher, the length of time of the performance, whether

10  it was instrumental or contained vocals.  This enables BMI to accurately pay

11  royalties to the songwriters/composers and/or music publishers who hold the

12  copyright in the work.

13  **Defendants' Submission Of Falsified Cue Sheets.**

14       22.    In or about April 2010, Defendant Deyon Davis' name appeared upon a

15  list, generated by BMI in the regular course of business, of writers who received

16  substantial payments from music on local television in the prior four quarter period.

17  As his name had not previously appeared on this list, in accordance with its routine

18  practices, BMI conducted a review of his earnings.

19       23.    BMI identified the shows on which Davis' music appeared and

20  reviewed the cue sheets for those programs.  The review revealed that the cue sheets

21  had been significantly revised, with each change resulting in higher royalties

22  payable to Defendants.  The overall result of these changes was substantially higher

23  royalty payments for Defendants herein, including – and especially –  Deyon K.

24  Davis and his companies, Deyon Davis Music and Cinematic Tunes, Inc.

25       24.    The revisions consisted of various changes that, almost exclusively,

26  resulted in increased royalties payable to the affected affiliates.  A review of actual

27  recordings of the relevant television programs revealed that the changes were not

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**COMPLAINT**

legitimate.

25.    BMI contacted the independent contractor company that had been hired by the television producers to produce the cue sheets for certain programs that contained Davis's music for those time periods.

26.    After some investigation, BMI learned that Deyon Davis had approached an employee of an independent contractor company and asked him to falsify cue sheets for Davis, his related entities, and the other Defendants.

27.    After discovering similar anomalies on cue sheets that were submitted for another television series, BMI approached a representative of the pertinent producer  who confirmed that all of the cues listed for Davis, his related entities, and the other Defendants, were incorrectly designated in a way that operated to increase the amounts payable to Davis, related entities or individuals and/or other Defendants.

28.    As a result of these falsified cue sheets, Mr. Davis was overpaid more than 1.5 million dollars – nearly $725,000 improperly paid to him individually, nearly  $530,000 improperly paid to Deyon Davis Music, and more than $270,000 improperly paid to Cinematic Tunes, Inc.

29.    As a result of the falsified cue sheets, others were overpaid in varying amounts ranging from tens of thousands of dollars to just a few hundred dollars. BMI contacted each of the Defendants to inform them of the overpayments, and to request return of the overpaid amounts.  Defendants have failed to return the overpayments.

30.    Further investigation has suggested close – and even familial – relationships between and among various Defendants herein.  Records reveal that many of the Defendants have lived at the same address, at the same time.  Moreover, certain implicated affiliates in addition to the two Lanier Defendants have shared surnames in the past (but have since apparently changed names or are operating

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**COMPLAINT**

under an "also known as").  In addition, several Defendants have identified the same name as their mother's maiden name.  On information and belief, at all relevant times, Defendants, and each of them, were aware that Deyon K. Davis was causing falsified cue sheets to be submitted to BMI so that they would be overpaid, and agreed with him, cooperated with him, and intended that he do so.  Defendants, and each of them, were working in concert and conspiring to defraud BMI into paying them royalties in excess of those actually earned.

## FIRST CAUSE OF ACTION

### (For Breach of Contract Against All Defendants)

31.    BMI repeats and realleges each of the allegations contained in paragraphs 1 through 30, above as if fully set forth herein.

32.    Defendants, and each of them, hold valid and enforceable standard Affiliation Agreements with BMI.  The standard Affiliation Agreements state that, in exchange for licensing "all the rights [they] own or acquire publicly to perform, and to license others to perform, anywhere in the world" in their musical works to BMI, Defendants will receive certain royalties and reporting in accordance with BMI's current standard practices and rates, "as those are generally paid by BMI to its affiliated writers for similar performances of similar compositions."

33.    BMI's current standard practices are published in its Royalty Information Booklet, and specifically provide that, with respect to royalties paid in error, the affiliate may be expected to repay on request the balance of any overpayment that remains unrecouped.

34.    The Affiliation Agreements also require Defendants to warrant and represent, among other things, that they have the right to enter into the agreements; that they are not bound by any prior commitments that conflict with their commitments there under; that each of Defendants' musical works is composed by the relevant Defendant and original in nature; and that the exercise of the rights

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

13389.008.1636462v1                                          7                                          Case No.

## COMPLAINT

1  Defendants have granted will not constitute copyright infringement or unfair

2  competition.

3     35.   At all relevant times herein, BMI met all, or substantially all, of its

4  obligations under the Affiliation Agreements, or was excused from doing so.

5     36.   As noted above, the Affiliation Agreements set the consideration to

6  which Defendants are entitled pursuant to their Agreements.  In conspiring to solicit

7  and submit falsified cue sheets to BMI, in doing so, and in knowingly accepting

8  overpayments based thereon, and failing to repay the overpayment on request by

9  BMI, Defendants have breached their Affiliation Agreements with BMI by

10 unilaterally and fraudulently accepting more consideration than was agreed upon.

11    37.   As a result of Defendants' breaches of their Affiliation Agreements,

12 BMI has been damaged in an amount to be proven at trial, in excess of $1.5 million.

### SECOND CAUSE OF ACTION

**(For Breach of the Covenant of Good Faith and Fair Dealing Against All**

**Defendants)**

16    38.   BMI repeats and realleges each of the allegations contained in

17 paragraphs 1 through 37, above as if fully set forth herein.

18    39.   In every contract or agreement there is an implied promise of good

19 faith and fair dealing, so that neither party will unfairly interfere with the right of the

20 other party to receive the benefits of the contract.

21    40.   At all relevant times herein, BMI met all, or substantially all, of its

22 obligations under the valid and enforceable Affiliation Agreements it has with each

23 Defendant, or was excused from doing so.

24    41.   In conspiring to solicit and submit falsified cue sheets to BMI, in doing

25 so, and in knowingly accepting overpayments based thereon, and refusing to repay

26 BMI for those overpayments, Defendants have unfairly interfered with BMI's right

27 to receive the benefits of the Affiliation Agreements.

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**COMPLAINT**

42.     As a result of Defendants' breaches of the covenant of good faith and fair dealing, BMI has been damaged in an amount to be proven at trial, in excess of $1.5 million.

## THIRD CAUSE OF ACTION

### (For Fraud Against All Defendants)

43.     BMI repeats and realleges each of the allegations contained in paragraphs 1 through 42, above as if fully set forth herein.

44.     In conspiracy and concert with and including Defendant Deyon K. Davis, Defendants, and each of them, participated in the submission of falsified cue sheets to BMI.  These cue sheets were falsified in the manner set forth above to result in overpayments of royalties to Defendants.

45.     Defendants knew that the representations made in the cue sheets as to the use of their music were false, and made the representations in the cue sheets with the intention to deceive and defraud BMI and to induce BMI to act in reliance on these representations in the manner herein alleged, or with the expectation that BMI would so act.

46.     At the time these representations were made, BMI was ignorant of the falsity of Defendant representations and believed them to be true.  In reliance on these representations, BMI was induced to substantially overpay Defendants.  Had BMI known the actual facts, it would not have taken such action.

47.     BMI's reliance on Defendants' representations was reasonable.

48.     As a proximate result of Defendants' actions, BMI has been damaged in an amount to be proven at trial.

49.     Defendants' acts alleged above were willful, wanton, malicious, reckless and oppressive, undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663
COBLENTZ, PATCH, DUFFY & BASS LLP

**COMPLAINT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

## FOURTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

50.     BMI repeats and realleges each of the allegations contained in paragraphs 1 through 49, above as if fully set forth herein.

51.     In conspiring to solicit and submit falsified cue sheets to BMI, in doing so, and in knowingly accepting overpayments based thereon, and failing to repay the overpayments on request by BMI, Defendants have gained for themselves substantial amounts of money that BMI collects on behalf of its affiliates songwriters, composers and music publishers.

52.     Defendants have been unjustly enriched, and it would be inequitable for Defendants to retain these benefits without compensation to BMI.

## FIFTH CAUSE OF ACTION

### (For Conversion Against All Defendants)

53.     BMI repeats and realleges each of the allegations contained in paragraphs 1 through 52, above as if fully set forth herein.

54.     BMI has an absolute, unconditional right to immediate possession of the overpayments Defendants have received as a result of their conspiracy to defraud BMI.

55.     BMI has demanded possession of said overpayments from Defendants.

56.     Defendants have wrongfully and without authorization taken control and claimed ownership over the overpayments.

57.     Because of Defendants' conversions, BMI has been damaged in amounts to be proven at trial.

58.     Defendants' acts alleged above were willful, wanton, malicious, reckless and oppressive, undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

13389.008.1636462v1                                      10                                      Case No.

**COMPLAINT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

## PRAYER FOR RELIEF

WHEREFORE, BMI prays that:

1.      Defendants be ordered to pay actual damages according to proof, but in any case in excess of $1.5 million;

2.      Defendants be ordered to disgorge to BMI those amounts by which they have been unjustly enriched;

3.      Defendants be ordered to pay costs, including reasonable attorneys' fees, in accordance with the Affiliation Agreements and Civil Code Section 1717;

4.      Defendants be ordered to pay punitive damages for their wanton, willful, malicious, fraudulent, oppressive and reckless actions;

5.      That BMI has such other and further relief as is just and equitable.

DATED:  December 30, 2010          COBLENTZ, PATCH, DUFFY & BASS LLP


By:   _____
          JEFFREY G. KNOWLES
          Attorneys for Plaintiff
          Broadcast Music, Inc.

13389.008.1636462v1                          11                          Case No.

**COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV10- 10089 RGK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
JEFFREY G. KNOWLES (State Bar No. 129754)
KAREN S. FRANK (State Bar No. 130887)
JULIA D. GREER (State Bar No. 200479)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
Telephone: 415.391.4800; Facsimile: 415.989.1663

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC., a New York corporation, | CASE NUMBER |
| PLAINTIFF(S) v. | CV10 10089 RGK (FFMx) |
| DEYON K. DAVIS, as an individual and d/b/a DEYON DAVIS MUSIC; CINEMATIC TUNES, INC. a California Corporation; YASMINAH COMBARY, an individual; TYRONE THORNTON, an individual; LAQUAJAWAN T. LANIER, an individual; WALTER L. LANIER, an individual; LAMONT HART, an individual, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Jeffrey G. Knowles_____, whose address is _One Ferry Building, Suite 20° San Francisco, CA 94111_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

CHRISTOPHER POWERS

DEC 3 0 2010

Dated: _____

By: _____
Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                     SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**COPY** **BY FAX**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BROADCAST MUSIC, INC., a New York corporation | PLEASE SEE ATTACHED LIST. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jeffrey G. Knowles (129754)/ Karen S. Frank (130887)/ Julia D. Greer (200479) Coblentz, Patch, Duffy & Bass LLP, One Ferry Building, Suite 200 San Francisco, CA 94111; Tel: 415.391.4800; Fax: 415.989.1663 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☑ MONEY DEMANDED IN COMPLAINT: $ According to proof.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332 and 1391; Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing; Fraud; Conversion

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10 10089**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| New York <br> Delaware | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles <br> Georgia | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles <br> New York | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~Cory Snavles / JMS~_   Date   12/30/10

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

*Broadcast Music, Inc. v. Deyon K. Davis, et al.*
USDC, Central District

## DEFENDANTS

DEYON K. DAVIS, as an individual and d/b/a DEYON DAVIS MUSIC
CINEMATIC TUNES, INC. a California Corporation
YASMINAH COMBARY, an individual
TYRONE THORNTON, an individual
LAQUAJAWAN T. LANIER, an individual
WALTER L. LANIER, an individual
LAMONT HART, an individual

13389.008.1633910v1