| | | | |
|---|---|---|---|
| Case No. | CV 10-10089-RGK (FFMx) | Date | June 28, 2011 |
| Title | BROADCAST MUSIC, INC. v. DEYON DAVIS et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant Davis' Motion to Dismiss (DE 17)

## I. INTRODUCTION

On December 30, 2010, Plaintiff Broadcast Music, Inc. ("BMI") filed a complaint ("Complaint") in this Court against Deyon Davis, Deyon Davis Music, Cinematic Tunes, Inc., Yasminah Combary, Tyrone Thornton, Laquajawan Lanier, Walter Lanier, and Lamont Hart (collectively "Defendants"). The dispute arose from Defendants' alleged conspiracy to fraudulently obtain unearned royalty payments. The Complaint advances actions under California law for breach of contract, breach of covenant of good faith and fair dealing, fraud, unjust enrichment, and conversion.

Presently, defendants Deyon Davis and Cinematic Tunes, Inc. (collectively "Davis")[1] move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). As discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Davis' Motion to Dismiss.

## II. FACTUAL BACKGROUND

Unless otherwise stated, the following facts are alleged in BMI's Complaint.

BMI is a New York corporation that does business as a "music performing rights society." (Compl. ¶ 14). It licenses to media outlets the right to perform music compositions of its affiliated musical artists and publishers. Defendants are individuals and corporate entities that own rights in various musical compositions. Defendants maintain a contractual relationship with BMI granting BMI the right to license their music in return for royalties.

---

[1] BMI's Complaint alleges that defendants Deyon Davis and Cinematic Tunes, Inc. have a unity of interest and ownership. Therefore, the Court analyzes defendants collectively.

BMI's agreements with its affiliates provide that affiliates receive royalties each time a media outlet broadcasts their compositions. The royalties owed to an affiliate are determined by both the duration and nature of the outlet's broadcast of the composition. To accurately determine royalty payments owed to its affiliates, BMI relies on "cue sheets" — records prepared by media producers that list every musical composition used in a particular broadcast, and the nature of each use. Due to falsified cue sheets, Davis received unearned royalty overpayments.

BMI alleges that Davis orchestrated a scheme to falsify cue sheets and secure unearned royalties. (Compl. ¶ 26). Davis approached an employee of an independent contractor company who had access to cue sheets, and induced him to revise sheet entries to show increased use of Davis' compositions. *Id.* BMI paid Davis according to these falsified cue sheets, and as a result, Davis obtained $1.5 million in unearned royalties. *Id.* at ¶ 28. After BMI discovered the errors, it demanded Davis return the overpayments. Davis refused to do so, and BMI subsequently filed this lawsuit.

## III. JUDICIAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, the court need not accept as true conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## IV. DISCUSSION

Davis moves to dismiss the Complaint based on the contentions that BMI has (1) failed to adequately plead damages, and therefore lacks standing, and (2) failed to adequately allege fraud against Davis. As discussed below, the Court grants in part and denies in part Davis' Motion to Dismiss.

### A. The Complaint Adequately Pleads Damages to BMI

In deciding a 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-moving party. *Cahill*, 80 F.3d at 337–38. Here, the Complaint adequately pleads damages by alleging that Davis breached his contract with BMI by refusing to repay erroneous overpayments. According to the Complaint, BMI pays royalties to its affiliates each time a media outlet broadcasts their compositions. The Complaint alleges that Davis approached an individual who had access to cue sheets, and induced him to revise the sheets to show a false increase in use of Davis' compositions. As a result, BMI erroneously overpaid Davis $1.5 million in royalties. These factual allegations clearly indicate that Davis was paid more than he was entitled under the contract. By refusing to repay BMI these overpayments, Davis has caused BMI to incur at least $1.5 million in damages. The Court therefore finds that the Complaint adequately pleads damages to BMI.

In support of his Motion to Dismiss, Davis argues that because license fees and royalty payments are of equal value, BMI is merely a middleman that passes license fees from media entities using

musical works on to the copyright owners, and therefore lacks standing. Davis premises this argument on the sentence: "BMI issues licenses to music users . . . collects license fees on behalf of its affiliates, and distributes those fees as royalties to those BMI affiliates . . . ." (Compl. ¶ 14). Davis reads this sentence to mean that the license fees BMI collects from its affiliates are assessed using the same formula used to determine the royalties BMI pays out; thus, BMI does not spend any of its own funds in paying royalties. The Court, however, does not read this sentence as narrowly as Davis. Simply because BMI collects license fees on behalf of its affiliates and distributes the fees as royalties, does not mean that license fees and royalty payments are calculated in the same manner. While the method of determining royalty payments is detailed in the Complaint, the pleading is silent as to the method for license fees. Media entities may pay BMI according to their use of copyright owners' works, a flat fee subscription, or by some other calculation. If, for example, BMI and a media entity negotiate a flat fee for use of BMI's entire library of copyright owners' works, BMI cannot offset its losses due to royalty overpayments by receiving corresponding overpayments from the media entity. Therefore, construing the factual allegations in the light most favorable to BMI, the Court does not assume that BMI is merely a middleman that passes funds for third parties. In fact, the Complaint repeatedly states that BMI, not third parties, overpaid Davis, and thus deserves compensation. The allegations of BMI's Complaint are therefore sufficient to confer standing at this stage of litigation.

### B. The Complaint Fails to Adequately Allege Fraud Against Davis

Because the Court does not dismiss the entire Complaint based on the contention that BMI lacks standing, the only other issue before the Court is whether the Complaint adequately pleads fraud.[2]

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") "demands that circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations omitted). Allegations of fraud must therefore be accompanied by "the who, what, when, where, and how of the misconduct charged." *Id.* Any claims subject to Rule 9(b) that do not meet this heightened pleading standard are dismissed. *Id.*

For example, the Ninth Circuit in *United States ex rel. Lee v. SmithKline Beecham, Inc.* affirmed a district court's dismissal of a fraud claim because the complaint failed to plead fraud with sufficient particularity. 245 F.3d 1048, 1052 (9th Cir. 2001). In *SmithKline*, plaintiff was an employee of defendant SmithKline, who owned and operated clinical laboratories. *Id.* at 1050. Plaintiff alleged that defendant falsified test results and billed Medicare for these allegedly worthless tests. *Id.* Plaintiff's Complaint stated that defendant "knowingly . . . changed control numbers [on various tests] to wrongfully represent that the laboratory results fell within an acceptable standard of error." *Id.* at 1051. The court held that this broad claim did not meet Rule 9(b) requirements because plaintiff did not specify the types of tests implicated in the alleged fraud, identify the employees who preformed the tests, or provide any dates, times, or places. *Id.* Consequently, the complaint was not specific enough to give defendants notice of the particular fraudulent misconduct, and was thus dismissed.

Similar to *SmithKline*, BMI's Complaint here does not meet Rule 9(b) pleading requirements. Although the Complaint sufficiently states when the misconduct occurred,[3] and how the misconduct

---

[2] BMI asserts five causes of action against Davis: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) fraud; (4) unjust enrichment; and (5) conversion. Only the fraud claim is subject to the heightened pleading standard of Rule 9(b). Davis does not dispute the pleading sufficiency of the other claims.

[3] The Complaint states that in April 2010, Davis' name appeared on a list of artists who received substantial payments in the prior four-quarter period. (Compl. ¶ 22). This sufficiently informs Davis of

constitutes fraud,[4] it fails to adequately allege the "who," "what," and "where" of the misconduct. As discussed below, BMI fails to identify: (1) the employee who falsified the cue sheets; (2) the television programs with which the falsified cue sheets correspond; and (3) the location where the misconduct occurred.

1. *The Complaint Fails to Adequately Allege "Who"*

BMI's Complaint does not adequately identify the parties to the misrepresentation. Although the Complaint identifies Davis as the party who orchestrated the scheme to falsify cue sheets, similar to the complaint in *SmithKline*, the Complaint does not identify the employee who actually revised the cue sheets. To justify not naming the employee, BMI cites *Odom v. Microsoft Corporation*. 486 F.3d 541 (9th Cir. 2007). In *Odom*, plaintiffs alleged that Microsoft and Best Buy were engaged in unlawful practice in which Best Buy employees would sign customers up for Microsoft's MSN service without customer knowledge or permission during retail sales. *Id.* at 554. Plaintiffs were unable to name in their pleading the Best Buy employee who had actually signed plaintiffs up, yet the court held that plaintiffs adequately pled fraud. *Id.* The court reasoned that it was unrealistic to expect retail customers to remember the name of a cash register employee. *Id.* The holding of *Odom*, however, does not apply to the present case. Here, it was not unrealistic for BMI to name the employee, or at least his employer — the independent contractor company. As stated in the Complaint, after discovering illegitimate changes to cue sheet entries, "BMI contacted the independent contractor company that had been hired by the television producers to produce cue sheets . . . ." (Compl. ¶ 25). BMI must have known the identity of the independent contractor company in order to contact it about the falsified cue sheets. *Odom* is therefore distinguishable, and the Court finds that BMI failed to adequately identify parties to the misrepresentation.

2. *The Complaint Fails to Adequately Allege "What"*

Additionally, BMI's Complaint does not adequately allege the fraudulent misconduct itself as required by Rule 9(b). In *Kearns*, for example, plaintiff failed to satisfy Rule 9(b) when he alleged that defendant engaged in fraudulent misrepresentation through marketing materials, but did not identify what the marketing materials specifically stated. 567 F.3d at 1125. Instead, plaintiff's complaint stated only that defendant Ford Motor Company conspired with its dealerships to misrepresent the benefits of one of its programs, and that plaintiff had relied on these misrepresentations in purchasing his vehicle. *Id*. at 1126. Consequently, the Ninth Circuit held that plaintiff in *Kearns* failed to sufficiently plead fraud. *Id.* at 1126. Here, the Complaint states that Davis induced an employee to falsify cue sheets, resulting in unearned royalty payments. However, similar to *Kearns*, where plaintiff did not specify the marketing material, and *SmithKline*, where plaintiff did not specify the types of tests implicated in the alleged fraud, the Complaint merely states that misrepresentations were made in cue sheets. It even fails to identify the television programs with which the falsified cue sheets correspond. Therefore, the Court finds that BMI's Complaint does not adequately identify the misconduct to give Davis the opportunity to defend against the fraud allegation.

3. *The Complaint Fails to Adequately Allege "Where"*

In the present case, the "where" requirement of Rule 9(b) could refer to (1) the cue sheets where misrepresentations of the use of Davis' compositions are recorded, or (2) the location where Davis approached the employee and induced him to falsify the cue sheets. Alleging either one of these,

---

the time frame in which the misconduct occurred.

[4] The Complaint adequately alleges how the misconduct constitutes fraud by stating that as a result of the falsified cue sheets, BMI erroneously overpaid Davis $1.5 million in unearned royalties.

however, does not necessarily satisfy the "where" requirement of Rule 9(b). Whether allegations satisfy Rule 9(b) depends on the facts of the case and whether the allegations are sufficient to give defendants notice of the particular misconduct.[5] Here, the Complaint states that the misrepresentations were made in the cue sheets. However, as discussed above, because the Complaint fails to identify the employee or independent contractor company, and the television programs with which these sheets correspond, merely stating that misrepresentations were made in cue sheets is not specific enough to give Davis notice of the particular misconduct charged. The Complaint furthermore does not identify the location where Davis approached the employee and induced him to falsify cue sheets, or whether they communicated in person, over the phone, or via email. Therefore, the Court finds that BMI's Complaint fails to satisfy the "where" requirement of Rule 9(b)'s heightened pleading standard.

 4. *Summary*

Because the Complaint does not adequately allege the "who," "what," and "where" of the misconduct, it is not specific enough to give Davis notice of the particular misconduct alleged to constitute the fraud charged. The Complaint therefore fails to satisfy the pleading requirement of Rule 9(b). Accordingly, the Court dismisses BMI's fraud claim without prejudice.

## V. **CONCLUSION**

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Davis' Motion to Dismiss. Because the Complaint adequately alleges damages to BMI, the Court **denies** Davis' Motion to Dismiss the entire Complaint on the contention that BMI lacks standing. However, the Court **dismisses without prejudice** BMI's fraud claim, since the Complaint fails to plead fraud pursuant to the heightened pleading standard of Rule 9(b).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |

---

[5] *See, e.g., Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297 (S.D.N.Y. 2010) (holding that subscription orders identified by year rather than specific day and month were sufficient when other paragraphs of the complaint tied defendants to subscriptions for specific journals during the specified subscription year; this sufficiently informed defendants of what they were supposed to have done to further the alleged fraud); *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (holding that the name of an employee was not necessary because it was unrealistic for plaintiffs to remember, and defendants would not be hampered in their defense by plaintiffs' inability to name the employee).