| | |
|---|---|
| 1 | RAAQIM A. S. KNIGHT (Bar No. CA 217630)<br>KNIGHT LAW GROUP |
| 2 | 11601 Wilshire Boulevard<br>Los Angeles, CA  90025 |
| 3 | Telephone:   (424) 234-5244<br>Facsimile:    (424) 234-5228 |
| 4 | |
| 5 | *Attorney for Defendant*<br>YASMINAH COMBARY, and *Defendants and Counterclaimants* DEYON DAVIS and |
| 6 | CINEMATIC TUNES, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC., a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEYON K. DAVIS, as an individual and d/b/a DEYON DAVIS MUSIC; CINEMATIC TUNES, INC. a California corporation; YASMINAH COMBARY, an individual; TYRONE THORNTON, an individual; LAQUAJAWAN T. LANIER, an individual; WALTER LANIER, an individual; LAMONT HART, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | No. CV 10-10089 RGK (FFMx)<br><br>Assigned to the Honorable R. Gary Klausner<br><br>**DECLARATION OF RAAQIM KNIGHT IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE COUNTERCLAIMS**<br><br>Complaint filed: December 30, 2010 |

**KNIGHT DECLARATION i/s/o OPPOSITION TO MOTION TO STRIKE**

## DECLARATION OF RAAQIM KNIGHT

I, Raaqim Knight, declare as follows:

1. I am a member in good standing of the State Bar of California and am a partner with the law firm of Knight Law Group, and I represent defendants and counterclaimants Deyon Davis ("Davis") and Cinematic Tunes, Inc. ("CTI") (collectively, "Counterclaimants") in the above-captioned matter. I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2. During a telephonic conference in or around July 2011, I asked Julia Greer, counsel for plaintiff and counter-defendant Broadcast Music, Inc. ("BMI") when she intended to file an amended Complaint on behalf of BMI. In response, Ms. Greer contended that because the Court's order regarding Counterclaimants' Motion to Dismiss did not identify the deadline for BMI to file an amended pleading, BMI was free to take as much time as it pleased before filing its amended pleading.

3. On December 19, 2011, I received an email from Ms. Greer requesting a one-month extension of the time for BMI to file a response to the Counterclaim. Attached hereto as **Exhibit A** is a true and correct copy of Ms. Greer's December 19, 2011 email.

4. During the first week of January, 2012, Ms. Greer informed me that BMI intended to file a motion to dismiss the counterclaim. Within the next day or two, I spoke to Ms. Greer telephonically and requested that we meet and confer regarding BMI's contemplated motion. I advised her at that time that Counterclaimants may be willing to file an amended counterclaim rather than engage in costly and time consuming motion practice. However, due to our busy respective schedules, Ms. Greer and I did not meet and confer regarding the motion to dismiss that day.

5. On January 10, 2012, I sent an email to Ms. Greer renewing my request to meet and confer regarding BMI's contemplated motion. Again, however, our schedules prevented Ms. Greer and I from meeting and conferring that day. Attached hereto as **Exhibit B** is a true and correct copy of my January 10, 2012 email to Ms. Greer.

6. On or around January 11 or 12, 2012, I spoke with Ms. Greer telephonically and we reschedule the pre-filing conference of counsel. During that call, Ms. Greer indicated that BMI's filing deadline was approaching and that BMI would need to file its motion prior to the next mutually convenient time for a conference of counsel to occur. To resolve that dilemma, Ms. Greer and I agreed that, in exchange for BMI agreeing to rescheduling the conference of counsel, Counterclaimants would not take the position that BMI prematurely filed its motion to dismiss without fulfilling its pre-filing "meet and confer" requirements. In each discussion with Ms. Greer regarding the Motion to Dismiss, I inidicated expressly or implicitly that Counterclaimants might amend their pleading in lieu of filing an opposition. To date, counsel for the parties have not met and conferred regarding the contents of the Motion to Dismiss.

7. On or around January 17, 2012, I learned that the Court continued the hearing on BMI's motion to dismiss from March 13, 2012, to March 21, 2012. At that time, the motion's new hearing date conflicted with the date of the Final Status Conference to be held in the matter of *Aubert v. Thompson*, Los Angeles County Superior Court Case No. BC449665 (the "Superior Court Action"). Per the Los Angeles Superior Court rules and the rules of the presiding judge, the Honorable Ralph Dau, I was required to personally appear at the March 21, 2012 Final Status Conference in the Superior Court Action. That Final Status Conference has since been continued.

8. Around that same time, I reviewed the memorandum of points and authorities filed with BMI's motion to dismiss. I disagree with virtually all of the

2

**KNIGHT DECLARATION i/s/o OPPOSITION TO MOTION TO STRIKE**

arguments set forth therein.  The motion to dismiss is actually a thinly veiled smear campaign against my client Deyon Davis.  In it BMI improperly includes and primarily focuses on the unproven allegations of its own first amended complaint and irrelevant and unrelated criminal matters from Mr. Davis' distant past.  However, I realized that Counterclaimants could provide more clarity for BMI and the Court in an amended pleading, and thereby allay the issues raised by BMI in the motion to dismiss.

9. Based on the then-conflicting hearing dates and my interest in providing more clarity in Counteclaimants' pleading, I decided that it was in Counterclaimants' best interest to file an amended counterclaim rather than oppose the motion to dismiss.  I interpreted Rule 15(a) as permiting the filing of an amended pleading in response to a motion to dismiss as a matter of right.  I also reasoned that if the Motion to Dismiss were granted, the Court would almost certainly grant Counterclaimants leave to amend.  Rather than require the parties to go through that process and inevitably wind up with an amended counterclaim anyway (a process that would have taken at least an additional month), I reasoned that it would save time and benefit all parties and the Court to simply file an amended complaint forthwith.

10. On or about January 27, 2012, I telephoned Ms. Greer to discuss the contents of the motion to dismiss (i.e., conduct the meet and confer that never took place) and to advise BMI that Counterclaimants would likely file an amended counterclaim, rather than oppose the motion.  I was unable to reach Ms. Greer at that time.  However, because I had already advised Ms. Greer of the fact that Counterclaimants might amend their pleading, I did not think that BMI would have any objections to the decision to file an amended counterclaim.

11. On January 30, 2012, I had to appear at an *ex parte* hearing in the Superior Court Action.  During the *ex parte* hearing, Judge Dau continued the hearing and ordered the parties to appear the next day, January 31, 2012.  Judge

1  Dau also ordered me to confer with my client in that matter regarding several
2  dispositive issues in the case in order for the client to make an election before the
3  next day's hearing.  The next day, we sat through the morning calendar and due to
4  the court's busy schedule, the Superior Court Action was not called for hearing.
5  Instead, Judge Dau ordered the parties to appear before him later that day, at
6  2:30p.m.  As a result of the two-day hearing in the Superior Court Action, and the
7  issues that arose therein, I was unexpectedly required to devote my complete
8  attention to that matter.  As a result, I did not file the amended counterclaim on
9  January 31, 2012.  However, because I had already advised Ms. Greer that
10 Counterclaimants might amend the counterclaim, I believed that BMI would
11 welcome Counterclaimants' decision to amend and that compliance with the Rule
12 15(a) deadline would be a non-issue.

13       12.   The next day, February 1, 2012, at 10:30 a.m., I was forced to appear
14 in Los Angeles Superior Court to testify as a witness in connection with a motion to
15 disqualify the Los Angeles City Attorney from its prosecution of a criminal matter.
16 However, the examination of witnesses ran long and by the time the business day
17 ended, I had not yet been called to take the witness stand.  The Honorable Judge
18 Rizk, the presiding judge in that matter, ordered me to return and appear the next
19 day, Feburary 2, 2012.  The unexpected events of Feburary 1 and 2, 2012, further
20 delayed my filing of the amended counterclaim.  Again, however, I believed that
21 the Rule 15(a) deadline was a non-issue.

22       13.   On Tuesday, February 7, 2012, I sent what I considered to be a
23 courtesy email to Ms. Greer, advising her that I planned to file Counterclaimants'
24 amended counterclaim the next day.  At that time, BMI's counsel did not raise any
25 objections to my notification that Counterclaimants would be filing their amended
26 pleading on February 8, 2012.  Attached hereto as **Exhibit C** is a true and correct
27 copy of my February 7, 2012 email to Ms. Greer.
28

14. On February 8, 2012, Counterclaimants filed the First Amended Counterclaim ("FAxC"). On February 10, 2012, the Court issued the Summons and accepted filing of the FAxC. The next business day, February 13, 2012, I mailed a copy of the Summons and FAxC to BMI. Attached hereto as **Exhibit D** is a true and correct copy of the Proof of Service of the Summons and FAxC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of February, 2012, at Los Angeles, California.

                                                      _____/S/_____

                                                           Raaqim Knight